UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SALVADOR M. JIMENEZ,

Plaintiff,

v.

PAUL K. RICHARDSON, et al.,

Defendants.

No. 2:18-cv-1727 JAM KJN P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Under the Prison Litigation Reform Act of 1995, the undersigned is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. at (b); 28 U.S.C. § 1915(e)(2); see Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998).

I. Plaintiff's First Claim

Plaintiff alleges that a defendant detective destroyed photos that failed to reveal plaintiff's scar on his left leg below the knee, which he claims would have exculpated plaintiff from a string of robberies for which he was ultimately convicted. All of plaintiff's allegations in his first claim appear to relate to his arrest and the court proceedings thereafter which culminated in his conviction. As plaintiff's allegations amount to an attack on the constitutional validity of his underlying conviction, his complaint may not be maintained under § 1983 unless plaintiff can show the conviction has been invalidated. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Ramirez v. Galaza, 334 F.3d 850, 855-56 (9th Cir. 2003); see also Guerrero v. Gates, 442 F.2d 697, 703 (9th Cir. 2006) (Heck barred civil rights claims brought by plaintiff who had pled guilty alleging wrongful arrest, malicious prosecution, and conspiracy among police officers to bring false charges against him); Cabrera v. City of Huntingon Park, 159 F.3d 374, 380 (9th Cir. 1998) (Heck barred plaintiff's civil rights claims for false arrest and false imprisonment until conviction was invalidated).

Here, plaintiff does not allege that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Indeed, plaintiff has filed a petition for writ of habeas corpus in this district, which remains pending. Jimenez v. Sherman, No. 2:17-cv-2093 MCE GGH (E.D. Cal.). As plaintiff's

conviction has not been reversed and as the validity of the convictions would be called into question if plaintiff were to prove the facts of this case, his claims against defendants are barred by Heck. Therefore, plaintiff's first claim must be dismissed.

   II. Immunity

Plaintiff also raises § 1983 claims against defendants who are immune.

      A. Yolo County Superior Court Judge

Claims brought against Judge Richardson fail because judicial officers are absolutely immune from liability for acts performed in their judicial capacity. Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam); Miller v. Davis, 521 F.3d 1142, 1145 (9th Cir. 2008) ("It has long been established that judges are absolutely immune from liability for acts done by them in the exercise of their judicial functions." (internal quotations and citation omitted)). "This immunity reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1871)). This judicial immunity insulates judges from suits brought under section 1983. Id. at 923.

Judicial immunity bars suit even if a judge is accused of acting in bad faith, maliciously, corruptly, erroneously, or in excess of jurisdiction. Mireles, 502 U.S. at 11-13. Judicial immunity may be overcome only when the judge's actions are not taken in his or her judicial capacity or when the actions, though judicial in nature, are taken in the "complete absence of all jurisdiction." Id. at 11-12. The allegations against Judge Richardson relate to conduct he allegedly undertook as a judicial officer during proceedings over plaintiff's criminal charges. Thus, the claims arise out of the exercise of the judge's judicial functions. As the allegations do not involve actions taken in the "complete absence of all jurisdiction," judicial immunity applies and claims against Judge Richardson necessarily fail.

////

////

B. <u>Deputy District Attorney</u>

Plaintiff's claims against defendant Deputy District Attorney Jay Linden must also be dismissed because prosecutors are absolutely immune from liability under section 1983 for conduct that is "intimately associated with the judicial phase of the criminal process." <u>Imbler v. Pachtman</u>, 424 U.S. 409, 431 (1976); <u>Botello v. Gammick</u>, 413 F.3d 971, 975 (9th Cir. 2005). Plaintiff claims that defendant Linden knew the detectives had destroyed other photographs, yet allowed a jury to convict plaintiff falsely, with the use of Detective Ford's one photo. The alleged acts or omissions by defendant Linden falls within the judicial phase of the criminal process, and he is entitled to absolute immunity from such allegations.

III. <u>Deputy Public Defender</u>

In his complaint, plaintiff names Assistant Public Defender Allison Zurela in connection with his first claim, as well as his second claim in which he alleges Zurela rendered ineffective assistance of counsel in plaintiff's underlying criminal case. But plaintiff's claims against defendant Zurela under § 1983 also fail, because a public defender representing a client in the lawyer's traditional adversarial role is not a state actor. <u>Miranda v. Clark Cty.</u>, 319 F.3d 465, 466 (9th Cir. 2003) (citing <u>Polk Cty. v. Dodson</u>, 454 U.S. 312, 325 (1981)) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.")).

Thus, plaintiff's claims against defendant Zurela are dismissed without prejudice. If plaintiff wishes to pursue an ineffective assistance of counsel claim, he must pursue such claim in his petition for writ of habeas corpus filed in No. 2:17-cv-2093 MCE GGH.[1]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

---

[1] If plaintiff did not include his ineffective assistance of counsel claim in his federal habeas petition, and the district court has not yet ruled on his federal petition, petitioner may wish to seek leave to amend his pending federal petition. <u>Woods v. Carey</u>, 525 F.3d 886, 888 (9th Cir. 2008).

4

§ 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

Further, IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 15, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/jime1727.56